EMILIO M. GARZA, Circuit Judge,
dissenting:
Because the Eastern District of Texas has no 28 U.S.C. § 1404(a) connection or relationship with the circumstances of these claims, I respectfully dissent. A transfer of venue is proper when a set of private and public interest factors weigh in favor of transfer. In re Volkswagen, 371 F.3d 201, 203 (2004); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Even though the district judge considered the proper factors, he still abused his discretion in balancing them. See id. The only connection between this case and the Eastern District of Texas is plaintiffs’ choice to file there; all other factors relevant to transfer of venue weigh overwhelmingly in favor of the Northern District of Texas. See In re Horseshoe Entm’t, 337 F.3d 429, 435 (5th Cir.2003) (“[T]he factors favoring transfer substantially out weigh the single factor of the place where plaintiff chose to file the suit”); see also Volkswagen, 371 F.3d at 203. Moreover, the fact that parties and witnesses will travel 150 miles to litigate their claims does not weigh against transfer. See Volkswagen, 371 F.3d at 204-05 (“When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.”).